UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHANNON BECKHAM, )
)
    Plaintiff, )
)
v. ) No. 06 C 978
)
CHAD STILES, STEVEN J. HANZIL, )
and DOUGLAS R. MARX, )
)
    Defendants. )

## O R D E R

On August 13, 2009, a jury returned a special verdict finding that defendants did not use excessive force against plaintiff in the process of arresting him outside of a nightclub in Milwaukee, Wisconsin. The court recently denied plaintiff's motion for a new trial. (Order, DE # 109.) Defendants filed a bill of costs requesting that the Clerk tax $12,676.40 against plaintiff for costs expended in this matter. (Bill of Costs, DE # 102.) Plaintiff objected to defendants' bill (Pl.'s Obj., DE # 104) and defendants have responded to the objections (Defs.' Suppl. Resp., DE # 113). For the reasons that follow, the court allows defendants $9,358.00 in costs.

Unless a statute, rule, or court order provides otherwise, costs—other than attorney's fees—are to be allowed to a prevailing party. FED. R. CIV. P. 54(d)(1). Although it is within this court's discretion to determine whether to award costs, and in what amount, costs not authorized by 28 U.S.C. § 1920 may not be awarded. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-41 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

First, plaintiff argues that the $350.00 fee defendants paid to file this case in federal court is not recoverable because defendants chose to remove the case from state court to federal court after plaintiff had already paid the state court filing fee. (Pl.'s Obj. ¶ 1.) Defendants assert that the filing fee is recoverable under Section 1920(1), which allows the Clerk to tax "[f]ees of the clerk and marshal." (Defs.' Suppl. Resp. ¶ 1.) Though the Seventh Circuit has not spoken to the issue directly, this court finds persuasive the decisions of other district courts, which have allowed removing defendants to recover a federal court's filing fee as a cost under RULE 54, reasoning that "plaintiff's choice to file in state court should not place defendants in a worse position with respect to recovery of costs than if plaintiff had filed the case in federal court at the outset." *Aguirre v. Turner Constr. Co.*, No. 05 C 0515, 2008 WL 4790392, at *3 (N.D. Ill. Oct. 27, 2008) (awarding cost of filing fee expended by defendants upon removal); *Reese v. Karl Schmidt Unisia, Inc.*, No. 1:07-CV-98-PPS, 2008 WL 3465932, at *2 (N.D. Ind. Aug. 12, 2008) (same). Accordingly, the court finds that the $350.00 federal filing fee defendants paid in this matter is a taxable cost under RULE 54.

2

Plaintiff also contests defendants' requests for particular costs expended in the preparation of transcripts. First, plaintiff objects to defendants' request for $32.00 in court reporter fees for the preparation and copying of transcripts from proceedings in a criminal case against plaintiff that stemmed from the same circumstances at issue in this civil case. (Pl.'s Obj. ¶ 2.) Second, plaintiff objects to defendants' request for $41.40 for the production of transcripts of the pretrial conference held before Judge Clevert. (Pl.'s Obj. ¶ 6.) Though a court may tax as costs the fees of a court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, 28 U.S.C. § 1920(2), this district's local rules provide that "[t]he costs of a transcript of matters prior or subsequent to trial" are only taxable "when necessary for appeal, or when requested by the Court or prepared pursuant to stipulation of the parties and necessarily obtained for use in the case." E.D. WIS. LOCAL R. 54.2(a). In this case, the costs of transcripts of plaintiff's prior criminal proceedings and the pretrial conference were not necessary for appeal or requested by the court, and it does not appear that the transcripts were prepared pursuant to stipulation of the parties. Accordingly, defendants' requests for the costs of the preparation of transcripts related to plaintiff's prior criminal case and of the pretrial conference are inappropriate.

Plaintiff further objects to defendants' requests for deposition fees. Plaintiff contests defendants' request for $2,000.00, which was paid as a fee for the deposition of plaintiff's expert Dennis Waller. (Pl.'s Obj. ¶ 3.) Defendants concede in their response that the full amount of the fee is not taxable, but argue that they are entitled to a $40.00 statutory fee as set forth in 28 U.S.C. § 1821. (Defs.' Suppl. Resp. ¶ 3.) Plaintiff has made

3

the same objection and defendants have submitted the same response with regard to the $750.00 deposition fee paid to Dr. Gorelick and the $295.00 deposition fee paid to Dr. Dorman. (Pl.'s Obj. ¶¶ 4-5; Defs.' Suppl. Resp. ¶¶ 4-5.) The local rules of this district provide that "expert witness fees in excess of the statutory allowance, must never be taxed unless the party requesting taxation obtained Court approval." E.D. WIS. LOCAL R. 54.2(e). Consistent with defendants' concession that the deposition fees are not recoverable in their entirety, it does not appear that defendants obtained court approval to pay expert witness fees in excess of the statutory allowance. Title 28, Section 1821 of the United States Code provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" at a deposition. 28 U.S.C. § 1821(a)(1) & (b). Accordingly, the court finds that $40.00 of the amount defendants paid to each of the aforementioned deponents is taxable.

Plaintiff objects to defendants' request for several charges from medical facilities for copies of plaintiff's medical records, in the amounts of $8.80, $41.25, $14.25, $8.40, and $30.28. (Pl.'s Obj. ¶¶ 7-11.) The court agrees with defendants that copies of plaintiff's medical records were necessary for defendants to evaluate plaintiff's claims, to determine whether a defense expert was necessary to rebut plaintiff's health-related claims, and to prepare for deposing and cross-examining any witnesses on the subject of plaintiff's health or medical treatment. Section 1920 allows for taxation of "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Accordingly, defendants' expenses in copying plaintiff's medical records are "clearly allowable" under Section 1920(4) and are appropriately

4

recovered as costs. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (finding no abuse of discretion where district court found $2,536.89 in costs for copies of medical records reasonable and necessarily obtained for use in products liability case).

Plaintiff also objects to defendants' request for $364.82 in costs for copying plaintiff's initial disclosures. (Pl.'s Obj. ¶ 13.) The court agrees with defendants that the costs of copying the medical records, police records, and photographs submitted by plaintiff as part of his initial disclosures were necessarily incurred in the context of discovery and trial preparation and were reasonable. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) (no abuse of discretion where district court awarded as costs expenses incurred in copying documents produced by plaintiff and third parties and pleadings and exhibits submitted to court). Accordingly the court finds that these costs are taxable under Section 1920(4).[*]

In total, plaintiff has disputed $4,256.20 of the total $12,676.40 requested by defendants. For the foregoing reasons, the court allows $937.80 of the disputed amount to be taxed as costs; the remaining $3,318.40 may not be taxed. Accordingly, the Clerk is directed to **REDUCE** defendant's bill of costs (DE # 102) to $9,358.00 and **TAX COSTS** to plaintiff in that amount.

**SO ORDERED.**

Date: December 3, 2009

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[*] Defendants concede plaintiff's argument that $320.00, the cost of four color trial boards used as demonstrative evidence, is not taxable. (Pl.'s Obj. ¶ 12; Defs.' Suppl. Resp. ¶ 12.)